JUDGE CROTTY

07 CV 6143

Thomas E. Willoughby (TW 4452)
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CASALE MARBLE IMPORTS, INC.,

       Plaintiff,

 - against –

M/V "MSC ZRIN", her engines, tackle,
boiler, etc., *in rem*, VIS MARITIME LTD.
and MEDITERRANEAN SHIPPING
COMPANY, *in personam*,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No:

**COMPLAINT**

  The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

  FIRST:  This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

  SECOND: At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

  THIRD: At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above named vessel

which now is or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH: On or about the dates and at the ports of shipment stated in Schedule A, there were delivered to the vessel and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

FIFTH: Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo not delivered in the same good order and condition in which it was received.

SIXTH: Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

SEVENTH: Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

EIGHTH: Plaintiff has duly performed all duties and obligations on its part to be performed.

NINTH: By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $25,000.00

**W H E R E F O R E**, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
       June 29, 2007

                    HILL RIVKINS & HAYDEN LLP
                    Attorneys for Plaintiff

By: _____
      Thomas E. Willoughby (TW4452)
      45 Broadway, Suite 1500
      New York, New York 10006-3739
      (212) 669-0600

## SCHEDULE A

Plaintiff's legal status and place of business:

Casale Marble Imports, Inc. is a corporation organized under the laws of one of the states of the United States with a principal place of business at 750 S.W. 17th Avenue, Delray Beach, Florida 33444.

Defendants' legal status and place of business:

Vis Maritime Ltd. is a corporation with an office in care of Mediterranean Shipping Company, 420 Fifth Avenue, New York, New York 10018.

Mediterranean Shipping Company is a corporation organized under the laws of one of the states of the United States with a principal place of business at 420 Fifth Avenue, New York, New York 10018.

| | |
|---|---|
| Date of Shipment: | June 3, 2006 |
| Port of Loading: | Vitoria, Brazil |
| Port of Discharge: | Port Everglades |
| Shipper: | Savino del Bene do Brasil |
| Consignee: | Savino del Bene U.S.A. Inc. (Miami) |
| Notify: | Savino del Bene U.S.A. Inc. (Miami) |
| Description of Shipment: | 56 Polished Slabs of Granite |
| Nature of Loss or Damage: | Physical damage |
| Bills of lading | MSCUSV824566 |